CV 13-0792

ROSS, J.

REYES, M.J

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

JOE LAMANDRI,

                           Plaintiff,

            -against-

CITY OF NEW YORK; Police Officer DAMIEN CLARKE, (Shield No. 8803); Police Sergeant ALEXANDER BIZGU, (Shield No. 2473) and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                          Defendants.
------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.  Plaintiff demands a trial by jury in this action.

## PARTIES

6.  Plaintiff ("plaintiff" or "Mr. Lamandri") is a resident of Kings County in the City and State of New York.

7.  Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8.  Defendant Police Officer Damien Clarke, Shield No. 8803 ("Clarke"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Clarke is sued in his individual and official capacities.

9.  Defendant Police Sergeant Alexander Bizgu, Shield No. 2473 ("Bizgu"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Bizgu is sued in his individual and official capacities.

10.  At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13. At approximately 11:45 p.m. on July 1, 2011, plaintiff was lawfully within the vicinity of Union Street and Smith Street, Brooklyn, New York.

14. Plaintiff was walking outside of a deli on the corner of the street, when several New York City Police Officers, including defendant Clarke, approached him.

15. The officers asked plaintiff if he had identification and plaintiff responded in the affirmative.

16. As plaintiff was attempting to show the officers his identification, he asked why they needed to see his identification since he was not committing any crimes or offenses.

17. Apparently enraged with the question plaintiff asked, the officers threw plaintiff face first against a wall, injuring his head.

18. The officers then proceeded to beat plaintiff and slam him against the wall, further injuring his head as well as injuring his ribs and body.

19. The officers then threw plaintiff with great force up against their police car and placed him into handcuffs.

20. Defendants intentionally placed the handcuffs on excessively tightly.

21. The excessively tight handcuffs cut into plaintiff's wrists and causing him extreme pain.

22. The officers then shoved plaintiff into the back of a police car.

23. As the officers transported plaintiff to the 76th precinct, the officer who was driving the vehicle repeatedly slammed on the breaks, causing plaintiff's already injured head to bang repeatedly against the car's partition.

24. The officers laughed and taunted plaintiff.

25. Plaintiff eventually arrived at the 76th precinct.

26. At the precinct the officers, including defendants Clarke and Bizgu, falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff commit attempt assault in third degree, resist arrest, engage in disorderly conduct and consume alcohol in public.

27. At no point did the officers observe plaintiff commit any crimes or offenses, including attempted assault in the third degree, disorderly conduct, resisting arrest, and consumption of alcohol in public.

28. Once inside the precinct, plaintiff repeatedly pled for medical treatment.

29. After several hours, plaintiff was finally taken to Long Island College

Hospital where he received medical treatment for the injuries he sustained as a result of the defendant officers' use of excessive force.

30. Plaintiff was subsequently transported to Brooklyn Central Booking.

31. Plaintiff was then arraigned in Kings County Criminal Court, and soon thereafter was released on his own recognizance.

32. Plaintiff was forced to make over thirteen (13) court appearances before all criminal charges were dismissed on January 14, 2013.

33. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### 42 U.S.C. § 1983

34. Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

35. Defendants, by their conduct toward plaintiffs alleged herein, violated plaintiffs' rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

36. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## SECOND CLAIM
### Unlawful Stop and Search

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

39. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## THIRD CLAIM
### False Arrest

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

42. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Unreasonable Force

43. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

45. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### First Amendment Retaliation

46. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47. By their conduct, as described herein, and acting under color of state law to deprive the plaintiff of his right to freedom of speech under the First and Fourteenth Amendments, the individual defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution. The individual defendants have violated plaintiff's First Amendment rights to speech by unlawfully denying his right to speak freely by subjecting him to false arrest and excessive force to deter the exercise of his First Amendment rights. Defendants' actions were taken in retaliation for plaintiff's exercising his First Amendment rights.

48. As a consequence of the individual defendants' actions, plaintiff has suffered violations of his First and Fourteenth Amendment rights to free speech. Plaintiff has fear and apprehension that he will, again, be subject to similar unlawful

acts by defendants done for the purpose of limiting and preventing his First Amendment-protected activities.

49. As a direct and proximate result of the individual defendants' unlawful actions, plaintiff has suffered damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## SIXTH CLAIM
### Failure To Intervene

50. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

51. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

52. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth and Fourteenth Amendments.

53. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
**Malicious Prosecution**

54. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

55. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

56. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

57. As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:   February 7, 2013
         New York, New York

_____
Katherine E. Smith
495 Henry Street, #159
Brooklyn, NY 11231
347-470-3707
ksmith@legalsmithny.com

*Attorney for plaintiff*